**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

|  |  |  |
|---|---|---|
| MONROE EVANS, and JOAN YATES EVANS, on behalf of themselves and all others similarly situated, | ) ) ) ) | **Civil Case No.: 8:02-CV-472** |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | **MEMORANDUM OF LAW** |
| | ) ) | **IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS** |
| AMERICAN CREDIT SYSTEMS, INC., d/b/a LEGAL ADMINISTRATIVE SERVICES and d/b/a NATIONAL AUDIT SERVICES, CATHY SCHNEEBERGER A/K/A LIZ BAXTER and ELIAS ROBERT RUIZ, A/K/A ALAN ROBERTS, | ) ) ) ) ) ) ) ) ) | **COUNTER CLAIM OF DEFENDANT AMERICAN CREDIT SYSTEMS, INC.** |
| Defendants. | ) | |

Plaintiffs Monroe Evans and Joan Yates Evans respectfully present the following

Memorandum of law in support of Plaintiffs' Motion to Dismiss the Counterclaim contained in

the Answer of American Credit Systems, Inc. filed on  September 19, 2003.  (Docket No. 78).

Plaintiffs bring this motion pursuant to Fed.R.Civ.P. 12(b)(1).

## FACTUAL BACKGROUND

Plaintiffs brought their lawsuit against the Defendants herein alleging violations of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Nebraska

Consumer Protection Act, Neb. Rev. Stat. § 59-1601, *et. seq.* ("NCPA"), resulting from a series

of collection letters, attached as <u>Exhibits A-E</u> to Plaintiffs' Third Amended Complaint  which

plaintiffs allege are misleading and threatening and the Defendants' practice of systematically

1

collecting interest charges which are not expressly authorized by the underlying contracts or permitted by law. Plaintiffs Third Amended Complaint does not challenge or even address the Plaintiffs alleged underlying debt with Montessori School and does not make any direct allegations against Montessori.

Defendant's counterclaim, on the other hand, deals solely with an alleged contract claim between the original creditor, Montessori School, and the Plaintiffs, which arose prior to and separate from the collection conduct challenged but the Plaintiffs in this case. The counter-claim does not reference or pertain to any of the class members or other defendants. Because the counterclaim only deals with a contract claim under state law, does not raise out of the same transaction as the Plaintiffs claims, and no independent federal basis was asserted or exists for the filing of said counterclaim in this Court, the counterclaim is only permissive and must be dismissed. Additionally, as a further basis for dismissal, no sufficient allegation is made in the counterclaim that defendant American Credit Systems is assignee or owner of the Montessori account with authority to initiate litigation to recover the debt which is the subject of defendant's counterclaim. The counterclaim appears to be between Montessori, who is not a party to this action, and the Plaintiffs, not defendant American Credit Systems.

## ARGUMENT

I.  **DEFENDANTS' COUNTERCLAIM IS PERMISSIVE UNDER FED. R. CIV. P. 13 AND SHOULD BE DISMISSED.**

The determination of whether the counterclaim should be dismissed requires an analysis of the requirements of Rule 13 of the Federal Rules of Civil Procedure. Rule 13(a) and (b) differentiate between compulsory counterclaims, which must be made a part of the case and

permissive counterclaims, which the court should be dismissed if no federal jurisdiction exists:

Rule 13 provides:

> (**a**) **Compulsory Counterclaims**. A pleading shall state as a counterclaim  any claim which at the time of serving the pleading the pleader has against an opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication  the presence of third parties of whom the court cannot acquire jurisdiction…

> (**b) Permissive Counterclaims.** A pleading may state a s a counterclaim any claim against  an opposing party not arising out of the same transaction or occurrence that is the subject matter of the opposing party's claim.

As stated above, the defendant's counterclaim arises from an alleged breach of contract by plaintiffs with Montessori school, not the collection practices of American Credit Systems which are the subject of this FDCPA litigation. Under Rule 13, the counterclaim is not mandatory but rather permissive because it did not arise out of the same transaction or occurrence,- i.e., the abusive debt collection activity, as Plaintiffs' claims in this lawsuit.

## A.     THE COUNTERCLAIM IS NOT MANDATORY.

The Montessori contract did not arise from the debt collection practices of American Credit Systems challenged by the present litigation.  Rather the contract between Montessori and Mr. and Mrs. Evans for educational services was created long before American Credit Systems began its collection attempts.  A third-party, i.e. - Montessori, will be needed to litigate this contract claim. Thus, American Credit Systems' counterclaim is not mandatory.

Various federal courts have addressed the situation of counterclaims based on contract asserted to FDCPA litigation..  In *Leatherwood v. Universal Business Service Company*, 115 F.R.D. 48, 49 (W.D.N.Y. 1987), the district court concluded that the contract  "claim against the plaintiff to collect the debt does not possess the characteristics associated with a compulsory

counterclaim."  Another district court stated "every published decision directly addressing the
issue in this case has found FDCPA lawsuits and lawsuits arising from the underlying
contractual debt are not compulsory counterclaims."  *Hart v. Clayton-Parker and Associates,
Inc.*, 869 F.Supp 774, 777 (D.Ariz. 1994) (citations omitted).  "The court thus finds that the
FDCPA claim and the claim on the underlying debt raise different legal and factual issues
governed by different bodies of law.  As such, the court concludes that defendant's state-law
counterclaim is not logically related to plaintiff's complaint and is therefore not a compulsory
counterclaim."  *Id.* at 777-78.  Also see: *Taylor v. Bryant, Inc.*, 2003 US Dist. LEXIS 13852
(D.Nev. Aug. 5, 2003).  Similarly, federal courts have held that counterclaims for the collection
of underlying debts are not compulsory in litigation brought under the federal Truth in Lending
Act.  *Valencia v. Anderson Bros. Ford*, 617 F.2d 1278, 1292 (7th Cir. 1980); *Whigham v.
Beneficial Finance Co.*, 599 F.2d 1322, 1324 (4th Cir. 1979).

Thus, American Credit Systems' counterclaim for the debt allegedly owed Montessori is
not a compulsory counterclaim.

### B.  INDEPENDENT FEDERAL JURISDICTION IS REQUIRED FOR PERMISSIVE STATE LAW COUNTERCLAIMS.

"A counterclaim that is not compulsory is 'permissive' under Fed.R.Civ.P. 13(b)."  *Ayers
v. National Credit Management Corp.*, 1991 U.S. Dist. LEXIS 5629, *6 (D.Del. Apr. 25, 1991).
The supplemental jurisdiction statute, 28 U.S.C. '1367(a), subject to exceptions not applicable
here, now provides that "in any civil action of which the district courts have original jurisdiction,
the district courts have supplemental jurisdiction over all other claims that are so related to the
claims in the action within such original jurisdiction that they form part of the same case or
controversy  under Article III of the United States Constitution." Federal courts have

4

supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims require their own jurisdictional basis. *Taylor v. Bryant, Inc.*, 2003 U.S. Dist LEXIS 13852, *2 (D.Nev. Aug. 5, 2003); *Hart v. Clayton -Parker and Assoc., Inc.*, 869 F.Supp. 774, 776 (D.Ariz. 1994).

Because permissive counterclaims by definition do not arise from the same transaction or occurrence as the main claim, in most cases, a court will not have supplemental jurisdiction over the counterclaim. *Carbrera v. Courtesy Auto*, 192 F.2d 1012 (D.Neb. 2002), citing 3 James Wm. Moore, *Moore's Federal Practice* §13.110[2] (3rd ed. 2001).  Federal Courts have consistently held that a Rule 13(b) counterclaim must be supported by independent grounds of federal jurisdiction. *Cabrera* at 1019, *citing Blue Dane Simmental Corp. v. American Simmental Assoc.*, 952 F.Supp. 1399,1403 (D.Neb. 1977) (other cites omitted).

In a variety of contexts decided after enactment of section 1367, courts have continued to embrace the prior compulsory/permissive counterclaim jurisdictional analysis. *See, Shamblin v. City of Colchester*, 793 F.Supp. 831, 833-834 (C.D.Ill. 1992); *Mille Lacs Bank of Indians v. State of Minnesota*, 853 F.Supp. 1118, 1146 (D.Minn. 1994); *International Association of Heat & Frost v. Thermo-Guard*, 880 F.Supp. 42, 45 (D.Mass. 1995).  Accordingly, enactment of the supplemental jurisdiction statute does not dictate an analysis different from that under Fed. R. Civ. P. 13.

The debt collector "cannot maintain its Counterclaim under Rule 13(b) either, because as a permissive Counterclaim it must be supported by independent grounds for federal jurisdiction." *Kuhn v. Account Control Technology, Inc.*, 865 F.Supp 1443, 1446 (D.Nev. 1994) (citation omitted).  The counterclaim of defendant American Credit Systems does not have and does  not allege any independent grounds for federal jurisdiction for its state law contract claim.

5

Therefore, under the _Cabrera_ standard set by this court, defendants' counterclaim for the alleged

Montessori debt should be dismissed.

### C.   THE WEIGHT OF AUTHORITY IS THAT A COUNTERCLAIM TO AN FDCPA CLAIM IS PERMISSIVE AND SHOULD BE DISMISSED.

Nearly ten years ago in _Hart v. Clayton -Parker and Assoc., Inc._, a case with the issue

nearly identical to the present case, the court noted that  "every published decision directly

addressing the issue in this case had found that  FDCPA lawsuits and lawsuits arising from the

underlying contractual debt are not compulsory counterclaims."  Supra at 777.  The Eighth

Circuit  held in _Peterson v. United Accounts, Inc.,_ 638 F.2d 1134 (8th Cir. 1981), that the FDCPA

claim at issue in federal court was a permissive, not compulsory,  counterclaim in the state court

proceedings to collect the debt.

The _Peterson_ court addressed the issue in the context of an FDCPA claim brought in

federal district court after the debtors had been sued in state court to collect a debt.  The district

court dismissed the FDCPA action on the assumption that it was a compulsory counterclaim in

the state court case.  _Id._ at 1035.  The Eighth Circuit reversed holding that the FDCPA claim is

not a compulsory counterclaim in a state court action to collect the debt.  _Id._  The Eighth Circuit

relied upon the Fourth Circuit decision in _Whigham v. Beneficial Fin. Co. of Fayetteville_, 599

F.2d 1322, 1323-34 (4th Cir. 1979) and the Seventh Circuit's decision in _Valencia v. Anderson_

_Bros. Ford_, 617 F.2d 1278 (7th Cir. 1980), _rev'd on other grounds_, 452 U.S. 205 (1981), to

conclude that the federal FDCPA claims and the debt claims are not logically related since the

federal FDCPA claims do not involve the obligations created by the underlying contract.  The

Eighth Circuit observed:

6

> The purpose of the Fair Debt Collection Practices Act includes the elimination of abusive debt collection practices by debt collectors, insuring that those debt collectors who refrain from using abusive practice are not competitively disadvantaged, and the promotion of consistent state action to protect consumers against debt collection abuses.  15 U.S.C. § 1692(E).

_Peterson v. United Accounts, Inc.,_ supra, at 1137 n.9.  In ruling that a FDCPA claim and a debt

counterclaim lack any shared realm of genuine dispute and that an FDCPA counterclaim is not

compulsory, the Eighth Circuit stated:

> In the instant case, the circumstances giving rise to the original debt are separate and distinct from the collection activities undertaken by United Accounts, Inc. **While the debt claim and the FDCPA counterclaim raised here may, in a technical sense, arise from the same loan transaction, the two claims bear no logical relation to one another.**  Although there is some overlap of issues raised in both cases as a result of the defenses raised in the state action, the suit on the debt brought in state court is not logically related to the federal action initiated to enforce federal policy regulating the practices for the collection of such debts.

_Peterson v. United Accounts, Inc.,_ supra at 1137 (emphasis added).

 Other jurisdictions have consistently adopted the same reasoning.  In an FDCPA class

action, _Orloff v. Healthcare Business Services_, 2003 U.S. Dist. LEXIS 15466 (E.D.Pa. Aug. 20,

2003), the district court held that it is clear that the issues of fact and law raised by the plaintiffs'

claim under the FDCPA are completely different than those raised by the defendants' claim for a

state law debt action.  The evidence to prove the FDCPA claim has no relation to the evidence

needed to prove the state debt claim.  _Id._ at *7.  The defendants' right to pursue their state claim

is not dependent on the outcome of the federal litigation.  _Id._  Evidence of the plaintiffs' alleged

failure to pay has no relevance on the issue of whether the defendants' actions in collecting the

debt violated federal law.  _Id._

 In _Taylor v. Bryant, Inc._, 2003 U.S. Dist. LEXIS 13852 *2 (D.Nev. Aug. 5, 2003), the

court dismissed the defendant's breach of contract counterclaim to an FDCPA claim for lack of

7

jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).  Reasoning that the such a counterclaim is only

permissive the district court that the plaintiff's FDCPA claim relates to the alleged use of

abusive debt collection practices while the defendant's counterclaim encompasses a private duty

under state law requiring broad proof of facts to establish the existence and performance of a

contract,  a breach of the contract by the debtors  and monetary damages resulting therein.  *Id.* at

*3.  Thus, the weight of authority is to construe debt counterclaims as permissive to federal

FDCPA actions.

Dismissing the debt collector's counterclaim, the U.S. District Court for the Eastern

District of Pennsylvania stated:

> Although the claims of Plaintiff and Defendants are both based upon Plaintiff's
> receipt of medical services, it is clear that the issues of fact and law raised by
> Plaintiff's claims under the FDCPA, FCEUA and CPL are completely different
> than those raised by Defendants' claim for breach of contract.  Plaintiff's claims
> involve issues of statutory compliance.  Defendants' counterclaim is simply a
> state law debt collection claim.  The evidence needed to prove violations of the
> FDCPA, FCEUA and CPL has no relevance whatsoever to the alleged breach of
> contract claim.  Moreover, the evidence needed to prove breach of contract does
> nothing to establish violations of the FDCPA, FCEUA and CPL.  In addition, the
> Defendants' counterclaim would not be subject to the defenses of res judicata in a
> subsequent action.  Even if Defendants violated the FDCPA, FCEUA and CPL,
> they may pursue a breach of contract claim against the Plaintiff in state court to
> collect this debt.  The Defendants' right to pursue their state claim is independent
> of the outcome of this litigation.  Evidence of plaintiff's failure to pay Defendants
> money owed to them has no relevance on the issue of whether the Defendants'
> actions in collecting the debt violated federal law.

*Orloff v. Syndicated Office Systems, Inc.*, 2003 U.S. Dist. LEXIS 15466, *7-*8 (E.D.Pa. Aug. 20,

2003).  Allowing  a defendant in the FDCPA case to assert unrelated counterclaims would

frustrate the purposes of the Act by giving plaintiffs a disincentive to pursue their rights with a

resulting chilling effect on persons who otherwise might and should bring suits under the

FDCPA.

Applying the tests of _Peterson_ and the other precedence cited above, to the American Credit Systems' counterclaim in the instant proceeding, it is clear that such counterclaim is permissive.   The allegations against the Plaintiffs with respect to the alleged debt may technically arise out of the same transaction, but the similarity stops there. The counterclaim is otherwise unrelated to plaintiffs' FDCPA claim that the defendant has engaged in collection tactics unlawful under the Act.   The claim and counterclaim will present entirely different legal, factual, and evidentiary questions . _Peterson v. United Accounts, Inc.,_ supra at 1137.   Different witnesses and discovery will be needed to prove the claim and the counter claim.   The facts relevant to plaintiffs' FDCPA claim will have no bearing on allegations regarding the alleged debt; thus, different evidence will be needed to support each claim.  _Id._  For example in the present case, the FDCPA is a strict liability statute[1], while the counterclaim will require proof of an existence of a contract, the breach of a contract and monetary damages resulting therefrom.

Furthermore, Plaintiffs' claim that the collection agency sought  and collected unauthorized interest charges not expressly permitted by contract or allowed by law is not sufficiently related to the underlying debt to allow the counterclaim. Plaintiffs' FDCPA claims do not dispute the validity of the debt.  Instead, this litigation alleges among other violations that the American Credit Systems unlawfully attempted to collect interest in the debt, a collection activity.  As a result, the FDCPA claim does not arise from the same transaction as the counterclaim to recover the alleged debt.

As such, American Credit Systems' counterclaim should be deemed permissive and dismissed for want of federal jurisdiction.

---

[1]     See:  _Picht v. Jon R. Hawks, Ltd._, 236 F.3d 446, 451 (8ᵗʰ Cir. 2001).

9

### D.   DEFENDANT HAS NOT PLEAD STANDING SUFFICIENT TO PURSE THE MONTESSORI DEBT.

In its Answer and Counterclaim, American Credit Systems, Inc. does not demonstrate its ownership of the alleged debt or any other authority to initiate litigation to recover the alleged debt.  Paragraph # 1 of the Counterclaim states only:

> Defendant, American Credit Systems, Inc., assignee of Montessori Educational Centers, Inc. ("Montessori"), brings this action for collection of monies owed by Counterclaim Defendants, Monroe Evans and Joan Yates Evans.

In order to have standing to bring a counterclaim for an alleged debt,  American Credit Systems, Inc. must demonstrate ownership of the alleged debt.  It cannot bring a counterclaim for the debt as the debt collector for Montessori.  It appears that the proper party to defendant's counterclaim is Montessori, not American Credit Systems.

### CONCLUSION

American Credit Systems' counterclaim for the debt alleged due Montessori is not a mandatory counterclaim.  The counterclaim is permissive, and no independent federal jurisdictional basis to hear the defendant's purely state law counterclaim.  Accordingly, plaintiffs' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) should be granted.

October 6, 2003

MONROE EVANS AND
JOAN YATES EVANS,
 on behalf of themselves and all
 others similarly situated,


By:   s/Pamela A. Car
     Car & Reinbrecht, P.C., LLO
     Pamela A. Car, #18770
     8720 Frederick Street, Suite 105
     Omaha, NE 68124
     402 391-8484 phone
     402 391-1103 fax

     and
     O. Randolph Bragg
     Horwitz, Horwitz & Associates
     25 East Washington Street, #900
     Chicago, IL  60602
     312 372-8822 phone
     312 372-1673 fax
     Attorneys for the Plaintiffs &
     Putative Class

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 6, 2003,  I had electronically filed the forgoing with the Clerk of the Court using the CM/ECF system  which sent notification of such filing to Defendants' counsel.


s/Pamela A. Car

____